UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER BRITTON            ]
    Petitioner,            ]
                               ]
v.                             ]     No. 3:05-0509
                               ]     Judge Trauger
UNITED STATES OF AMERICA       ]
    Respondent.            ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Robertson County Jail in Springfield, Tennessee. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

On March 25, 2003, the petitioner pled guilty to being a convicted felon in possession of a firearm. United States of America v. Christopher Britton, Criminal Action No. 3:02-00184 (M.D. Tenn.), at Docket Entry No. 36. For this crime, he received a sentence of one hundred twenty (120) months in prison, to be followed by a three year period of supervised release. Id, at Docket Entry No. 37.

Having pled guilty, the petitioner did not pursue a direct appeal of the conviction. Later, however, he filed a Rule 35(a) motion to correct sentence that was found to be without merit. Id, at Docket Entry No. 42.

On June 22, 2005, the petitioner filed the instant Motion to Vacate, Set Aside or Correct

1

Sentence (Docket Entry No. 1).[1] In the motion, the petitioner offers four claims for relief. These claims include

    1)     the petitioner, through the ineffectiveness of counsel, was denied his right to file a direct appeal of the conviction;

    2)     a challenge to the "plea validity procedure";

    3)     the petitioner was denied his right to a jury trial; and

    4)     the petitioner was denied the effective assistance of counsel.

Upon its receipt, the Court conducted a preliminary review of petitioner's Motion and found that it was not facially frivolous. Accordingly, by an order (Docket Entry No. 2) entered July 1, 2005, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the Motion. Rule 4(b), Rules - - - § 2255 Cases.

Presently pending before the Court are the petitioner's Motion and the government's Response (Docket Entry No. 3) in opposition to the petitioner's Motion. Having carefully considered petitioner's Motion and the government's Response, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir.2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules - - § 2255 Cases.

---

[1] A pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Thus, even though petitioner's Motion was received in the Clerk's Office and stamped as filed on June 24, 2005, the actual filing date for the purposes of a timeliness analysis is June 22, 2005, the date on which the petitioner signed the Motion and presumably gave it to prison officials for posting.

The government opposes the petitioner's Motion by contending that it is untimely. The Antiterrorism and Effective Death Penalty Act contains a one-year limitation period during which a Motion to Vacate, Set Aside or Correct Sentence must be filed. This limitation period begins to run from the latest of four (4) events which include

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, the Court finds that the one year limitation period began to run from the date that the petitioner's conviction became final.[2] The petitioner was sentenced on September 8,

---

[2] To the extent that the petitioner may be alleging a claim arising from United States v. Booker, 125 S.Ct. 738 (2005), Booker is not retroactively applicable to a collateral § 2255 proceeding. Humphress v. United States, 398 F.3d 855 (6th Cir. 2005). For that reason, the later date for the running of the limitation period provided for in the third option (date on which a newly recognized right has been made applicable to collateral proceedings) has no application in this instance.

3

2003. His conviction became final ten (10) days later on September 18, 2003, when the time for filing a direct appeal had expired. *See* Rule 4(b)(1)(A), Fed. R. App. P. Thus, the limitation period for the filing of this action ran through September 18, 2004.

The instant § 2255 motion was not filed until June 22, 2005, well after the limitation period had expired. This action, therefore, is untimely. The petitioner's Motion will be denied and this action shall be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

4